NOT DESIGNATED FOR PUBLICATION

Nos. 123,158
123,159

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT MATTHEW HATKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Opinion filed October 1, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Scott Matthew Hatker appeals the district court's revocation of his probation and the imposition of a reduced prison sentence in two cases. We consolidated the appeals and granted Hatker's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. Upon a complete review of the record, we find no abuse of discretion by the district court. We affirm.

FACTS

In January 2018, Hatker pled no contest to one count of possession of methamphetamine, a severity level 5 drug felony, in case 17CR804. In March 2018, after determining Hatker's criminal history score was B—as defined by the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq.—the district court sentenced Hatker to 34 months' imprisonment and granted his dispositional departure motion to 12 months of supervised probation.

In February 2019, Hatker pled no contest to one count of possession of methamphetamine, a severity level 5 drug felony, in case 18CR260. In April 2019, after finding Hatker's criminal history score was A, the district court sentenced Hatker to 40 months' imprisonment and once again granted his dispositional departure motion to 12 months of supervised probation. The sentence was ordered to run consecutive to the sentence in 17CR804.

Probation did not go well. In December 2019, the State filed motions in each case to revoke his probation. Both motions alleged Hatker failed to refrain from drug use, left Kansas without authorization from his intensive supervision officer (ISO), was arrested for possession of methamphetamine and possession of drug paraphernalia, and failed to report his arrest within 24 hours. The motion in case 17CR804 also alleged Hatker failed to report to his ISO on multiple dates.

At the revocation hearing on March 16, 2020, Hatker pled no contest to the allegations in the State's motion in case 17CR804. The State then requested the district court revoke Hatker's probation and impose his underlying prison sentence. In response, Hatker argued the district court should depart from imposing his underlying 34-month prison sentence. The district court revoked Hatker's probation and granted Hatker's request for a durational departure from his original sentence of 34 months to 18 months'

imprisonment. The revocation hearing for case 18CR260 was continued to March 25, 2020.

On March 25, Hatker pled no contest to the allegations in the State's motion in case 18CR260. Hatker again asked the district court to impose probation or durationally depart from his underlying 40-month prison sentence. Upon revoking his probation, the district court granted Hatker's request for a durational departure and reduced his sentence to 18 months' imprisonment, with the sentence to run concurrent with his sentence in case 17CR804.

ANALYSIS

Hatker now claims—even though he received a substantial reduction in the length of his sentences from 74 months in both cases to 18 months—the district court abused its discretion by revoking his probation and ordering him to serve the modified prison sentences.

We review a district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Hatker bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

At the hearings on March 16 and March 25, Hatker did not contest the allegations in the State's motions to revoke probation. Thus, the State established that Hatker violated the terms of his probation.

Once probation has been violated after a dispositional departure to probation was granted, the district court has discretion to determine whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015); K.S.A. 2017 Supp. 22-3716(c)(9)(B).

Hatker argues the district court abused its discretion when it revoked his probation and ordered him to serve the modified prison sentences. Hatker's argument is not persuasive. The district court gave him multiple opportunities to be successful. The district court originally granted Hatker probation as the result of a dispositional departure in both cases, but Hatker failed to take advantage of the opportunities provided to him. Hatker does not point to any errors of law or fact in the district court's decision, nor does he show that no reasonable person would have taken the same position. The district court was well within its discretion to order him to serve the modified prison sentences. We observe no abuse of discretion by the district court.

Affirmed.